**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02476-CMA-MJW

RUDOLPH EDMUND ALVARADO,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,
d/b/a RIFLE WAL-MART SUPERCENTER,

    Defendant.

## ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT

This matter is before the Court *sua sponte.* For the reasons discussed below, the Court concludes that Defendant Wal-Mart Stores has not established this Court's subject matter jurisdiction over this case. As such, the Court remands this case to the state court, for further proceedings.

This is a slip-and-fall tort and premises-liability case. On August 5, 2014, Plaintiff filed a complaint in state court bringing claims related to an incident that allegedly occurred on August 6, 2012. Defendant filed a Notice of Removal on September 5, 2014, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1.)

Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). A removing defendant must prove jurisdictional facts by a "preponderance of the evidence," including that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Such proof may arise in a variety of ways, *see id.* at 954, but conclusory assertions or outright speculation do not suffice, *Tafoya v. American Family Mutual Insurance Co.*, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

In the instant case, while Defendant asserts that it "has been advised by counsel for Plaintiff that the amount in controversy exceeds $75,000," (Doc. # 1, ¶ 4), Plaintiff, in his Complaint, did not specify a monetary estimate of the damages he allegedly suffered, (*see* Doc. # 3). Instead, Plaintiff merely asks "for judgment against Defendant in an amount to be determined at trial, pre and post-judgment interest, costs, and expert witness fees, and for such other and further relief as the Court may deem proper. (Doc. # 3 at 5.)

The sole additional instance of Plaintiff's estimate of damages is found on the state court Civil Cover Sheet accompanying Plaintiff's Complaint, which includes a check-marked box indicating that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Defendant. (Doc. # 1-5 at 3.) This Court has previously addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in, for example, *Garner v. Vaki*, No. 11-cv-01283, 2011 WL 2463285, at *1 (D. Colo. June 21, 2011) (unpublished), and *Tejada v. Allstate Fire & Casualty Insurance Co.*, No. 09-cv-02096, 2009 WL 2958727, at *1 (D. Colo. Sept. 10, 2009) (unpublished). In both

*Garner* and *Tejada*, the Court stated that "the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction." *Id.* (citing *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007)).

There is insufficient evidence that the value of this action exceeds the amount in controversy requirement of $75,000.  Any attempt by the Court to calculate the potential amount of damages "would simply be guesswork and, thus, amount to improper speculation."  *Garner*, 2011 WL 2463285, at *1 (citing *Tafoya*, 2009 WL 211661, at *2.)  Thus, Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

For the foregoing reasons, it is hereby ORDERED that this action is REMANDED to the District Court, Garfield County, Colorado, for further proceedings.

DATED:  September 9, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge